[Civ. No. 902. Second Appellate District.—December 1, 1910.]

AUSTON LANE, Appellant, v. WM. W. GLENN and WM. L. STEVENS, Policemen; THOS. H. BROADHEAD, Captain of Police; EDWARD KERN, Chief of Police of the City of Los Angeles, etc., and UNITED STATES FIDELITY AND GUARANTY COMPANY, a Foreign Corporation, Respondents.

ACTION FOR FALSE IMPRISONMENT—ARREST WITHOUT WARRANT—NOMINAL DAMAGE—FINDINGS—PREVIOUS FINE—INTOXICATION—FINDING OUTSIDE ISSUES—REVIEW UPON APPEAL.—Where the court found, in an action for false imprisonment, that the arrest and imprisonment were without warrant, but that plaintiff sustained no actual damage, that on the morning of the same day, when plaintiff was arrested and fined for disturbing the peace he was intoxicated, and remained intoxicated when arrested without a warrant in the evening for threatening to do violence to his wife, it is held, upon an appeal from a judgment for nominal damage upon the judgment-roll, that, conceding that the finding as to intoxication was not responsive to any issue, it could not prejudice the plaintiff appealing, in view of the finding that he sustained no actual damage.

ID.—FINDINGS NOT INCONSISTENT.—The findings that the arrest and imprisonment were without warrant and that plaintiff had suffered no actual damage cannot be held upon his appeal from the judgment-roll to be inconsistent, on the alleged ground that they both justify the acts of the defendants, and find them liable for such acts. The findings as to all material facts, save alone upon the question of damage sustained, are in plaintiff's favor.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

W. B. Coleman, for Appellant.

Leslie R. Hewitt, City Attorney, Charles D. Houghton, Deputy, and C. D. Pillsbury, Deputy, for Respondents.

SHAW, J.—Action to recover damages alleged to have been sustained by reason of plaintiff's arrest and false imprisonment.

The court made findings to the effect that the arrest and imprisonment were wrongful and without warrant, but further found that plaintiff had sustained no actual damage by reason thereof.    Thereupon, judgment was given in his favor for nominal damage only, from which he appeals upon the judgment-roll alone.

Appellant claims the court committed prejudicial error by finding facts not within the issues.    It appears both by the answer and findings that on the morning of the day of his arrest plaintiff had been convicted upon a charge of disturbing the peace and a fine imposed therefor, upon payment of which he was released.    The wrongful arrest, made upon complaint that he threatened a further disturbance by doing violence to his wife, occurred on the evening of the day upon which he was so released.    The court made a finding to the effect that at the time when plaintiff was arrested upon the complaint for which he was convicted and fined he was intoxicated and had not recovered from the effects of such intoxication when released from custody on the morning of the day when again arrested without warrant.    Conceding there was no issue to which such finding could be deemed responsive, nevertheless, the court having found that plaintiff sustained no actual damage, he could not have been prejudiced by this immaterial finding of fact outside the issues.

It is also urged that the findings are inconsistent, in that they both justify the acts of defendants and also find them liable for such acts.    There is no merit in this contention. The findings as to all material facts, save alone upon the question of damage sustained, are in plaintiff's favor.

Our attention is directed to no prejudicial error, and the judgment is therefore affirmed.

Allen, P. J., and James, J., concurred.